# CASE NO. 25-1001(L); 25-1002

---

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

Jong Cheon Lee,
*Plaintiff-Appellee*

v.

Agape Health Management, Inc.; Dong Chul Choi; Sun Ok Lee,
*Defendants-Appellants*

*and*

Hye Young Son; Jae Min Lee; Kyong Sim Che; Myeong Suk Choi; Bo Young Lee; Yoon Hee Oh; Yoon Jung Yim; Soonkum Park; Heesang Kim; Myoung Hui Montgomery,
*Plaintiffs-Appellees*

v.

Agape Health Management, Inc.,; Dong Chul Choi; Sun Ok Lee,
*Defendants-Appellants*

---

ON APPEAL FROM
THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

---

# CORRECTED
# OPENING BRIEF OF APPELLANTS

---

SUBMITTED BY:

James Y. Victory, VSB#66042
Hanmi Center for Justice, PLLC
4216 Evergreen Lane #131
Annandale VA  22003
Tel: 703-333-2005 Fax: 866-399-0698
Email: hanmicenter@gmail.com
*Counsel for Appellants*

# TABLE OF CONTENTS

Table of Authorities

I.   JURISDICTIONAL STATEMENT .................................................  5

II.  STATEMENT OF ISSUES ......................................................  6

III. STATEMENT OF CASE .........................................................  7

IV.  SUMMARY OF ARGUMENT ..................................................  9

V.   ARGUMENT ......................................................................  10

    A.  Hourly Rates .................................................................  12

    B.  Hours .............................................................................  14

        1.  The time and labor expended, 1st *Barber* factor .............  14

            a.  Block Billing .......................................................  17

            b.  Vague and Inadequate Time Entries ......................  17

        2.  The customary fee for like work, 5th *Barber* factor ........  21

        3.  The experience, reputation, and ability of the attorney, 9th *Barber* factor ........  21

VI.  CONCLUSION ....................................................................  24

CERTIFICATE OF COMPLIANCE .................................................  25

Disclosure Statements

# TABLE OF AUTHORITIES

**Cases**

*Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978)

*Blum v. Stenson,* 465 U.S. 886 at 897 S.Ct. 1541 (1981)

*Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243 (10th Cir.1998)

*Cho v. Joong Ang Daily News Washington, Inc., et. al.*, No. 1:18-cv-1062, March 4, 2020, WL 1056294 (E.D.Va.)

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)

*Copeland v. Marshall*, 205 U.S.App.D.C. 390, 641 F.2d 880 (1980) (*en banc*)

*Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162 (S.D.Fla. 2003)

*Grissom v. The Mills Corp.,* 549 F.3d 313 (4th Cir. 2008)).

*Guidry v. Clare*, 442 F.Supp. 2d 282 (E.D.Va. 2006)

*Hensley v. Eckerhar*t, 461 U.S. 424, 103 S.Ct. 1933 (1983)

*Hyon v. Choi, et. al.*, Bankr. No. 19-13505, AP No. 21-02023 (Bankr. E.D.Va. June 17, 2022)

*In re. Abrams & Abrams, P.A.*, 605 F.3d 238 (4th Cir. 2010)

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)

*Kimberly-Clark Corp. v. Johnson & Johnson,* 745 F.2d 1437 (Fed.Cir.1984)

*Koon v. United States*, 518 U.S. 81 (1996)

*LaFleur v. Dollar Stores, Inc.* 189 F. Supp. 3d 588 (E.D.Va 2016)

*Lee v. Agape Health Mgmt.,* No. 23-1582 (4th Cir. Jul 29, 2024, unpublished)

*McAfee v. Boczar*, 738 F. 3d 81 (4th Cir. 2013)

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1 (1983)

*Osman v. Youngs Healthcare, Inc.*, No. 1:21-cv-639, July 12, 2023 (E.D.Va)

*Robinson v. Equifax Info. Services, LLC,* 560 F.3d 235 (4th Cir. 2009)

*Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852 (7th Cir. 2009).

*Will v. Calvert Fire Insurance Co.,* 437 U.S. 655 (1978)

*Wolff v. Royal Am. Mgmt., Inc.,* No. CV-11-351-N, 2012 WL 5303665 (S.D.Ala. Oct. 25, 2012),

aff'd, 545 F.App'x 791 (11th Cir. 2013)

**Statutes**

28 U.S.C. §1291

28 U.S.C. §1331

29 U.S.C. §201

42 U.S.C. §1988

## I.     JURISDICTIONAL STATEMENT

This is an appeal of two separate final orders entered by the U.S. District Court for the Eastern District of Virginia, Alexandria Division ("the district court") on 12/5/2024 and 12/16/2024, awarding attorney's fees and costs to the appellees.

The first order awarded **$353,397.57** in attorney's fees and **$36,900.14** in costs (*Son v. Agape*, 1:20-cv-1047) **JA 1218**.  The second order awarded **$19,565.93** in attorney's fees and **$584.90** in costs (*Lee v. Agape*, 1:22-cv-311), **JA 1649**.  The appellees are 11 employees of Agape Health Management, Inc. who worked as personal care aids.  The employees' claims arose under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et. seq.* (the "FLSA").  All their claims have been settled under the guidance of the district court.  The only issue remaining before the court was the attorney's fee application made by the employees' attorney Mr. Hyunkweon Ryu.

The district court had subject matter jurisdiction pursuant to federal question jurisdiction, 28 USC§1331.  This Circuit Court has appellate jurisdiction under 28 USC§1291.  Appellants timely noted their appeal on 12/24/2024, **JA 1259, 1679**.

## II.    STATEMENT OF ISSUES

At issue is whether the district court abused its discretion in awarding Plaintiffs' counsel Mr. Hyunkweon Ryu ("Ryu"), **$353,397.57** in attorney's fees and **$36,900.14** in costs in *Son v. Agape*, 1:20-cv-1047 **(JA 1218)**; and **$19,565.93** in attorney's fees and **$584.90** in costs in *Lee v. Agape*, 1:22-cv-311 **(JA 1649).**

District court's awards constituted abuse of discretion because the court arbitrarily determined the hourly rates and hours without properly considering the evidence before it.  In doing so, the district court failed to properly analyze the *lodestar* amounts under the *Barber* factors in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978)

### III.    STATEMENT OF CASE

There are 11 employees who brought their FLSA claims against the appellants Agape Health Management, Inc., Sun Ok Lee, and Dong Chul Choi (collectively "Agape" or "Employers"). The employees worked as personal care aids providing aid to Agape's clients who were mostly seniors receiving care either at their homes or at Agape's day care facility. Sun Ok Lee and Dong Chul Choi are mother and son.  They are the co-owners of Agape Health Management, Inc.

The 11 employees filed their complaints under the FLSA on the following dates:

#### Case Commencement Dates

| Case No. | Filing Date | Basis |
|---|---|---|
| 1:20-cv-01047-WEF **JA 1, 74** | 09/08/2020 | Wages claim |
| 1:21-cv-00097-WEF **JA 43, 111** | 01/25/2021 | Wages claim |
| 1:21-cv-00408-WEF **JA 48, 123** | 04/01/2021 | Retaliation claim |
| 1:21-cv-00435-WEF **JA 52, 132** | 04/07/2021 | Retaliation claim |
| 1:21-cv-00696-WEF **JA 55, 149** | 06/10/2021 | Wages claim |
| 1:21-cv-00756-WEF **JA 60, 164** | 06/24/2021 | Retaliation claim |
| 1:22-cv-00311-WEF **JA 65, 1312** | 03/22/2022 | Wages claim |

Hye Young Son, Jae Min Lee, and Kyong Sim Che filed their complaint on 09/08/2020, **JA 0001, 0074**.  Myeong Suk Choi was added to Hye Yong Son action on 11/12/2020, **JA 0090, 0104**.  Soonkum Park, Yoon Hee Oh, Heesang Kim, Bo Young Lee and Yoon Jung Yim filed their complaint on 01/25/2021, **JA 0043, 0111**.  Kyong Sim Che and Myeong Suk Choi filed their retaliation complaint on 04/01/2021, **JA 48, 123**.  Yoon Hee Oh and Yoon Jung Yim filed their retaliation complaint on 04/07/2021, **JA 52, 132.** Myoung Hui Montgomery filed her complaint on 06/10/2021, **JA 55, 149**. Heesang Kim, Myeong Suk Choi, and Kyung Sim Che filed their retaliation complaint on 06/24/2021, **JA 60**, **164**. [Note 1]  And, finally, Jong Cheon Lee filed his complaint on 03/22/2022, **JA 65, 1312**.  (All plaintiffs are collectively referred as the "Employees".)

The first 6 cases (10 employees) were eventually consolidated under *Son v. Agape*, 1:20-cv-

01047, **JA 21**, ECF #145.  The first 10 employees' claims in *Son v. Agape* (consolidated) were settled on 11/7/2022, except for attorney's fees,  **JA 32-33**, ECF #252.  The remaining employee, Jong Cheon Lee's claim in *Lee v. Agape*, 1:20-cv-00311 was settled after 09/29/2022 meeting, **JA  68**, ECF #17. [Note 2] The parties reserved for adjudication by the district court, the issue of an award of reasonable attorney's fees and costs, **JA 32**, ECF #252 and **JA 68**, ECF #17.  The district court entered its final orders on 4/28/2023, **JA 989, 1425**.  The orders were timely appealed, **JA 1027**, **1427**.  The Circuit Court reversed the orders and remanded the matters in an unpublished opinion, **JA 1437**.  The district court entered new orders on remand, **JA 1741, 1781** (dated 12/5/2024 and 12/16/2024).  Which have since been timely appealed, **JA 1259, 1679** (both noticed on 12/24/2024).

---

[Note 1] Of the first 6 cases, 3 were complaints alleging retaliation by Agape.  One of the defendants was James Victory, the undersigned counsel.  The allegation against James Victory was that he prematurely issued a subpoena in an effort to intimidate the plaintiffs.  **JA 176-177**, at ¶¶84-87.

[Note 2]  Ryu's billing record indicates that the *Lee* case was actually settled on 10/14/2022.  **JA 1316**.

IV.     SUMMARY OF ARGUMENT

After finding that Ryu did not meet his burden of proof in establishing the prevailing market rate (**JA 1225**), the district court determined the hourly rate of $413.00 for Ryu and $389.40 for Sara Ryu to be reasonable, Order, P.15, **JA 1232**.  The district court started with $350.00 which was approved for Ryu in *Cho v. Joong Ang Daily News Washington, Inc., et. al.*, No. 1:18-cv-1062, March 4, 2020, WL 1056294 (E.D.Va.), then added 18% uniformly through the three years covered by the cases herein. *Id* at P.15, **JA 1232**.  The approach was flawed, thus not reasonable, because there is no basis for increasing Ryu's hourly rate by 18% in the first year of the cases. Sara Ryu's hourly rate was also not reasonable because the district court arbitrarily assigned $330.00 per hour as the base line number and increased the rate by 18% uniformly for all three years.  Sara Ryu did not put forth any qualifications, *Id.* at P.9, **JA 1226**.  She's not barred in Virginia, **JA 1647**.  She does not have any fee-paying clients of her own.  There was no indication that she was qualified to provide the services she was billing for.  Similarly, the district court erred by increasing paralegal Cathy Kim's hourly rate to $94.40 by uniformly increasing the rate by 18% for the three years, *Id.* at P.17, **JA 1234**.

The district court also found Ryu's hours to be problematic.  There were block billings, vague and inadequate descriptions, and billings for clerical work.  *Id.* at P.18-24, **JA 1235-1241**. The district court found that "Plaintiffs' counsel has developed an unremarkable record," Order, P. 10, **JA  1227**.  "Plaintiffs' fee petition is by no means a model of clarity and fails to provide basic data to assist in evaluating the petitioner, forcing the Court to attempt to reconstruct many of Plaintiffs' calculations and arguments across 257 pages of time records." Order, P.26, **JA 1243**.  Nevertheless, in calculating the *lodestar* number, the district court reduced Ryu's hours by 67.8 hours only (5% out of 1,345.65 hours) in *Son v. Agape,* Order, P.32 **(JA 1249)** and 14.5

hours in *Lee v. Agape,* **(JA 1674)**.  Sara Ryu's hours were reduced by 1.1 hours; and Cathy

Kim's hours by 1.6 hours, *Id*.**, JA 1249.**  In calculating the lodestar number, step one under

*McAfee v. Boczar*, 738 F.2d 81, 88 (4th Cir. 2013), the district court erred by arbitrarily assigning

numbers and not fully considering the relevant *Barber* factors.

## V.      ARGUMENT

"The matter of attorney fees rests, of course, within the sound discretion of the trial judge,

who is in the best position to determine whether, ... [and to what extent], they should be

awarded." *Kimberly-Clark Corp. v. Johnson & Johnson,* 745 F.2d 1437, 1458 (Fed.Cir.1984).

"The touchstone of any award of attorneys' fees and expenses is reasonableness." *LaFleur v.*

*Dollar Stores, Inc.* 189 F. Supp. 3d 588, 593 (E.D.Va 2016). Importantly, "the fee applicant

bears the burden of demonstrating the reasonableness of its fee request and of providing

sufficient detail in its records to explain and support its requests for fees and costs." *Id*.  The

abuse-of-discretion standard includes review to determine that the discretion was not guided by

erroneous legal conclusions. *Koon v. United States*, 518 U.S. 81, 100 (1996).  Similarly, a district

court abuses its discretion if it fails to adequately consider the factors constraining its exercise of

discretion. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 19 (1983).

The district court found that the "record made by Plaintiffs' counsel in support of his motion"

was sparse and muddled, Order, at P.14, **JA 1231**.  The court also found Ryu "has developed an

unremarkable record." Order, at P.10, **JA 1227**.  The court found that Ryu's "billing records

contain several instances of block-billing."  Order, P.19, **JA 1236**.  Ryu "failed to sufficiently

identify and describe how many hours were worked in each year between 2020 and 2023, and to

which legal tasks those hours were devoted.  Order, P.14, **JA 1231**.  "[T]he Court is unable to

sufficiently reconcile the information in the spreadsheet in order to reliably determine which

appropriately payable claims were performed in which year, and therefore under which billable rate." Order, P. 14, **JA 1231.** Ryu "must recognize his failure to create a fulsome record, including the lack of specific and reliable data on the *hours* billed by each attorney and staff member, *per year*, prevented the Court from calculating more granular adjustments to hourly rates." Order, P. 15, **JA 1232**. Ryu was required to provide "evidence 'supporting the hours worked' and the exercise of 'billing judgment' that establishes that the hours expended were reasonable." *Hensley,* 461 U.S. at 434.

"It would be inconceivable that the prevailing party should not be required to establish at least as much to support a claim under 42 U.S.C §1988 as a lawyer would be required to show if his own client challenged the fees. A District Judge may not, in my view, authorize the payment of attorney's fees unless the attorney involved has established by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained." *Hensly* at 440-441, (Burger, concurring). Although the applicable standard here is reasonableness, Ryu's billing statements will not pass the muster if his own client challenged the fees. "[T]he party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id,* at 441 (Burger, concurring).

### A. Hourly Rates

The district court determined the hourly rate of $413.00 for Ryu and $389.40 for Sara Ryu to

be reasonable. Order, P.15, **JA 1232**. The court based Ryu's rate on 18% increase from $350

per hour approved by the district court in *Cho v. Joong Ang Daily News Washington, Inc., et. al.*,

No. 1:18-cv-1062, Dkt. 92, 2020 WL 1056294 (E.D.Va. March 4, 2020), **JA 1227**. The district

court multiplied $350 by 118% to arrive at the reasonable hourly rate for Ryu for the three years

covered by the actions herein (from 09/08/2020 to 05/01/2023), Order, P.15, **JA 1232**. The court

reasoned it was appropriate to use the Consumer Price Index which were 1.2% in 2020, 4.7% in

2021, 8.0% in 2022, and 4.1% in 2023. Id. at P.14 n.19, **JA 1231**. This approach prejudiced

Agape in the first, second, and third years (2020-2022) of the litigations where the defendants are

required to pay an 18% increase in hourly rates. [Note 3]   Even assuming the 18% increase was

reasonable for 2023, the same rate cannot be reasonable in the preceding years. There is no

reasonable basis for the court's 18% increase to cover all the years uniformly. No fee-paying

customers would accept such an arrangement. If Ryu's reasonable rate was to be tied to the

Consumer Price Index, it would have been correct to apply 1.2% increase on top of the $350

base rate for 2020 (and not the 18% increase).

The court's determination of Sara Ryu's hourly rate to be $389.40 was an abuse of discretion

because there was no evidence of Sara Ryu's qualifications. Sara Ryu did not submit any

affidavit to state her qualifications, Order at P. 9, [n] 10, **JA 1226**. There was no factual basis for

finding that Sara Ryu is qualified to command $389.40. "The market rate should be determined

---

[Note 3] The 10 employees' claims in the *Son* case were settled on Nov. 7, 2022, except for
attorney's fees. **JA 32-33**, ECF #252. The remaining employee Jong Cheon Lee's claim in *Lee*
case was settled after 09/29/2022 meeting, **JA  68**, ECF #17 (that Lee's claims were settled after
09/27/2022 and that it was approved on 3/27/2023). Ryu's billing record indicates that the *Lee*
case was settled on 10/14/2022, **JA 1348**.

by evidence of what attorneys earn from paying clients for similar services in similar circumstances." *Robinson v. Equifax Info. Services, LLC,* 560 F.3d 235, 244 (4th Cir. 2009). There is no evidence indicating that Sara Ryu was earning her hourly rates from any fee-paying clients for similar services. Ryu stated that "[s]he never accepted any client on her own except immigration, and then she works under my supervision." Tr. 9.20.2024, 41:7-9, **JA 1306**. As such, it was an abuse of discretion for the district court to "begin with a $330 hourly rate for Ms. Ryu." Order, P.13, **JA 1230.** Ryu stated "She is not billing anyone other than immigration." Tr. 9.20.2024, 45:1-2, **JA 1238**. The district court does not provide any reason why it was appropriate for Sara Ryu's hourly rate to start at $330 (in 2019). An effective review is not possible absent the lower court's "reasons for finding a particular award appropriate." *In re. Abrams & Abrams, P.A*., 605 F.3d 238, 244-45 (4th Cir. 2010)(quoting *Barber*, 577 F.2d at 226). The district court erred by arbitrarily setting Sara Ryu's base line hourly rate at $330. Then, the court erred by applying 18% increase to cover all three years since the baseline year of 2019.

Ryu's retainer agreement with his clients Myeong Sook Choi, **JA 1634** and Kyong Sim Che, **JA 1640,** indicate that the hourly rates agreed were $300 per hour for partner's time and $250 per hour for associate lawyer's time. Ryu's billing statement indicates that Sara Ryu was "Attorney" whereas Ryu was "Partner Attorney," **JA 486, 567**. Even if Sara Ryu was to be paid at an associate's time rate, she should only be allowed $250 per hour. However, the district court upwardly adjusted Sara Ryu's hourly rate without finding any factual basis for doing so.

The uniform increase of 18% (to $94.40) on top of the hourly rate of $80 for Cathy Kim remains equally problematic in that the increase was set arbitrarily set and thus unfairly prejudiced Agape. Order, P.17, **JA 1234**.

**B.  Hours**

In evaluating "what constitutes a 'reasonable' number of hours and rate" for the work performed, "a district court's discretion should be guided by" the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir. 1978). These factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.  *Robinson,* 560 F.3d at 243-44 (*quoting Barber,* 577 F.2d at 226 n.28). Some of these "factors may not have much, if anything, to add in a given case," but those "that do apply should be considered." *In re Abrams & Abrams, P.A.,* 605 F.3d 238, 244 (4th Cir. 2010).

1.   The time and labor expended

The first *Barber* factor. The second part in the *lodestar* analysis is the reasonableness of the number of hours.  The Court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F. 3d 81, 88 (4th Cir. 2013).  The district court found that there were block-billing (reducing 10 hours), vague and inadequate time entries (reducing 8 hours), and unnecessary billing for time spent calculating counsel's fee petition (reducing 10 hours). Order, items b.(i), (ii) and (vii), **JA 1235, 1237, 1243**.

The hours are obviously an important part of the *lodestar* analysis. Despite the court having found numerous issues with Ryu's billing, the only reduction in the hours were 28 hours out of 1,345.65 hours for Ryu, 1.1 hours out of 55.5 hours for Sara Ryu, and 1.6 hours out of 276.2 hours for Cathy Kim, **JA 1249**. The district court's unwillingness to reduce the hours further at the first step was an abuse of discretion.

It is axiomatic that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Ryu billed Agape for hours he would not have billed his clients. Ryu's billing for activities starts at item #83 in his billing statement, **JA 320** (item numbers preceding #83 are expenses). The *Son v. Agape* action (1:20-cv-01047) is not filed until 09/08/2020, **JA 1**. Yet, Ryu starts billing from 8/11/2020 for reviewing documents from client. *See* Item. #83, **JA 320**. Ryu bills for conferences and calls even before any retainer agreement was sent to his clients, **JA 320**. Retainers are sent out on 8/19/2020. *See* item #92, **JA 321**. Ryu then bills 0.8 hours for Cathy Kim at the hourly rate of $150 for "trying to file complaint" on 9/8/202. *See* item# 122, **JA 323**. Then Ryu bills three separate times for filing the same complaint (0.4 hours each for a total of 1.2 hours). *See* items #s 124, 126, and 128, **JA 323**. Ryu takes liberty with his billing statements that he would not do so if a fee-paying customer was to pay the bill. The district court acknowledged that Ryu failed "to create a fulsome record, including the lack of specific and reliable data on the hours billed by each attorney and staff member..." Order, P. 15, **JA 1232**.

For the reasonable hours and rate, "the court is bound to apply" the factors adopted in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), "[t]o ascertain what is reasonable in terms of hours expended and the rate charged". *McAfee at* 88 (4th Cir. 2013). In remanding the case, the appellate court cautioned that "[i]t remains important, however, for the district court to

provide a concise but clear explanation of its reasons for the fee award."  The district court listed the twelve *Barber* factors in its opinion, however, did not delve into many of the factors in detail. In the appellate decision in this matter, the Circuit Court stated, "A district court facilitates appellate review by making specific findings en route to a fee calculation, and therefore we have reversed when we could not discern whether the district court arrived at its fee award by using the proper factors."  *Lee v. Agape*, No. 23-1582, *6 (4th Cir., July 29, 2024), *quoting Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 857 (7th Cir. 2009).  "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)."  *McAfee at* 88 (4th Cir. 2014).

In this action, in determining the reasonable rates and hours, the district court started with the billing statements from Ryu before any of the *Barber* factors were analyzed.  The billing statements may have been the starting point for discussing the first *Barber* factor, time and labor expended, but the other *Barber* factors should have also been considered before arriving at the rates and the hours. As the *McAfee* court noted, the *Barber* factors had to be applied in order to arrive at the reasonable rates and hours.  That the *Barber* factor analysis should have been carried out in order to arrive at the reasonable rates and hours, not as an afterthought.  In the instant actions, the district court first determined the hourly rates of Ryu, Sara Ryu, and Cathy Kim, then the court looked at the *Barber* factors.  This was an error of law.  The same with the hours.  The court decided to reduce the total hours sought by Ryu by 67.8 hours in *Son v. Agape* and 14.5 hours in *Lee v. Agape* **(JA  1674)** then the court justified its ruling by considering the *Barber* factors.  Which, again, was an error of law.  It appears the *Barber* factors were applied in order to justify the reasonableness of the rates and hours already decided.

a.  Block Billing

The district court found there were several instances of block-billing by Ryu.  Order, P.19, **JA 1236**.  However, the court only reduced Ryu's hours by 10 hours from **1,345.65** hours Ryu was seeking.  *Id.* P.18, **JA 1235**.  **10 hours** is not even 1% of the total Ryu was seeking.  Given the multiple instances of block billing, the reduction should have been in much wider magnitude than the 0.074% the court reduced.  *See Guidry v. Clare*, 442 F.Supp. 2d 282, 294 (E.D.Va. 2006) (the court may reduce the overall fee award by a fixed percentage or amount).  "Lumping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case." *Id*.

b.  Vague and Inadequate Time Entries

The district court agreed with Agape that "there are a number of vague descriptions in Plaintiffs' counsels' billing records.  Order, P. 20, **JA 1237**.  The district court found that descriptions such as "conference with client," "conference with client re case," "conference with client re facts," "litigation planning," "evaluation of situation," "litigation strategy," "prep for X," "analysis of case," "prep for deposition," "prep trial," "client trial prep," "prep for settlement conference," and "fluctuating regular rate" were vague descriptions.  Id. P. 20-21, **JA 1237-1238**.  The district court also found descriptions such as "fee calculations," "fee petition," "expense check," "review and revise fee petition," "and the like" to be facially vague and often block billed.  *Id*. P. 26, **JA 1234**.  The district court also found several ambiguous references such as "litigation planning," "evaluation of situation," "litigation strategy," "prep for X," Order, P. 21, **JA 1238**.  Nevertheless, the district court ruled "[a]lthough Plaintiffs' counsel's billing records are not a model of clarity and to a degree frustrate the Court's review, by examining the

docket as a whole and the filings of the parties throughout this case, the Court is able to reliably determine which vague entries mask an inefficient use of counsels' time and which imprecise entries are simply poor recordkeeping."  Order, P. 22, **JA 1239.**

The district court, however, did not specifically state which entries indicated inefficient use of Ryu's time and which entries are due to poor recordkeeping.  In the first place, Ryu failed to meet his burden of proving the reasonableness of his billings.  Agape feels the pain the district court felt in trudging through the piles of pages in Ryu's billing.  The district court should not have been placed in a situation where it had to guess what was meant by the vague entries and what activities actually did take place in the block billings.  Perhaps this is why Chief Justice Burger felt that the burden of proof should have been clear and convincing when it comes to applications for fees.  "A District Judge may not, in my view, authorize the payment of attorney's fees unless the attorney involved has established by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained." *Hensley* *440-441, (Burger, concurring).  Even under the reasonableness standard herein, the district court abused its discretion by wholesale accepting Ryu's billing records with less than 5% downward adjustment.

An FLSA plaintiff "must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id*. (citing *Hensley*, 461 U.S. at 441 (Burger, C.J., concurring)). Plaintiffs have failed on both these fronts, and the Court should greatly reduce Plaintiffs' requested award as a result.  The district court abused its discretion by simply giving credit to Ryu for all the entries that he claimed to have worked, with the exception of 10 hours for block billing (**JA 1237**) 8 hours for vague entries (**JA 1239**) 6 hours for billing for clerical work (**JA 1241**) and 43.8 hours

for fee calculation (**JA 1243**). The district court, in accepting Ryu's billing statements and comparing the same against the docket reports, did not specifically find which vague descriptions or block billed activities corresponded to which activities. This was because the inadequate descriptions did not render it possible to assign any specific description to any specific activity. There is no objectivity in seeing how Ryu's billing corresponded to the various activities on the docket reports. The appellate court in *Lee v. Agape Health Mgmt.,* No. 23-1582 (4th Cir. Jul 29, 2024, unpublished) ruled that "the wholesale adoption of plaintiffs' figures at Steps 1 and 2 impedes appellate review." *12, **JA 1449**. An abuse of discretion occurs when a district court bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). A district court abuses its discretion "if it fails or refuses to exercise discretion and instead decides by general rule or arbitrarily." *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 661–62 (1978). The district court, after having found many issues with Ryu's billing, arbitrarily ruled that a reduction of 67.8 hours (a mere 5% of 1,345.65 hours for Ryu) was sufficient to rectify the issues in Ryu's billing in *Son* and 14.5 hours in *Lee*. [Note 4] Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original), Cited in *Hensley* at 433.

Yet, the court reduced Ryu's hours only by 8 hours. *Id* at P. 22, **JA 1239**. This was another drop in the bucket, a mere 0.59% reduction. In *Cho*, judge Brinkema reduced Ryu's hours by

---

[Note 4] In *Lee* case, the district court reduced a total of 1.0 hour for vague and inadequate time entries (**JA 1666**) 11.0 hours for billing for unnecessary work, 0.5 hours for billing for clerical work (**JA 1668**), and 2 hours for overbilling for simple work (**JA 1670**).

35% "[b]ased on the record of excessive litigation and inadequacy of Ryu's time records" *Cho v. Joong Ang Daily News Washington, Inc.*, Case No. 18-cv-1062, March 4, 2020, at *14 (E.D.Va). The district court found the *Cho* decision to be "[a] reliable starting point to ascertain a reasonable hourly rate for Mr. Ryu," however, the district court did not adopt *Cho's* approach in reducing Ryu's hours by wider percentage, **JA 1227**. It was an abuse of discretion not to reduce Ryu's hours by more than 8 hours after finding that Ryu's billing entries had numerous inadequate descriptions. Afterall, it was Ryu's burden to prove the reasonableness of his fee application. Ryu's failure to prove his hours should be met with more stringent ruling, and not a mere slap on the wrist. Ryu holds himself out as an expert of over 20 years. Yet, he chose not to include the necessary details to illuminate the court of what he actually did. 10 hours reduction for block billing and 8 hours for inadequate time entries do not seem to send a clear message that Ryu's practices are not sanctioned. In *Chong Min Hyon v. Kwang Yeall Choi, et. al*., Hon. Brian F. Kenney found Ryu's application for $147,774.49 in attorney's fee to be unreasonable and down adjusted the fee request by 96.8%. Bankr. No. 19-13505, AP No. 21-02023 (Bankr. E.D.Va. June 17, 2022), **JA 1195**. Hon. Kenney found "The fee requested [by Mr. Ryu] decidedly are not consistent with those generally charged for similar services. In the undersigned's eleven years on the bench, the Court has never seen a fee request that is more than forty times (or 4,000%) the underlying Judgment amount." *Id*. at *5., **JA 1191**. [Note 5]

---

[Note 5] The underlying action AP21-01023 was appealed to the Eastern District of Virginia, Alexandria Division. Hon. Claude M. Hilton of E.D.Va. summarily affirmed Hon. Kenney's ruling without hearing. *Choi v. Hyon*, 1:22-cv-00552, (E.D.Va. Sept. 12, 2020) **JA 1126**.

Ryu did not exercise billing judgment. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley, at* 434. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's adversary pursuant to statutory authority." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (*en banc*) (emphasis in original).

Ryu was required "to exercise 'billing judgement' with respect to hours worked...and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley,* at 438. Ryu's billing record in *Lee v. Agape* is very telling, **JA 1344.** The complaint was not even filed until 3/22/2022, **JA 1346**. However, Ryu starts charging Agape from 12/22/2021 when an initial intake was made, **JA 1344.** The representation agreement was not even mailed until 12/31/2022, **JA 1344**. Then, Ryu starts charging for 'assess the situation' (0.3 hour) 'retaliation count' (1.00 hour) 'prep response' (0.40 hour) 'prep response' (3.7 hour) 'document production' (0.50 hour) 'discovery demands out' (1.0 hour) 'FOIA' (0.30 hour) 'review facts' (0.30 hour) 'litigation scheduling' (0.30 hour) 'litigation strategy; plan, evaluation' (1.60 hour) 'negotiation strategy' (0.40 hour) 'settlement negotiation strategy' (0.50 hour) 'fee calculation' (0.50 hour), and 'fee petition' (2.40 hour). **JA 1345-1348.** It is next to impossible to know what Ryu meant when he entered these descriptions.

2. The customary fee for like work

The fifth *Barber* factor. There is no basis for the district court to find that Sara Ryu was qualified to bill at $389.40. There is no known customary fee for the work carried out by Sara

Ryu because the court did not have Sara Ryu's qualifications before it.

    3.  The experience, reputation, and ability of the attorney

The nineth *Barber* factor. In discussing the experience, reputation and ability of Ryu, the district court determined "[t]his factor was fully considered in the reasonable rate and hour analyses and no further adjustments are warranted on these grounds, Order, P.31, **JA 1248**. Agape respectfully differs on this point. It was an abuse of discretion for the district court to not fully consider the solemnity of the many decisions made by the numerous judges in this district. Ryu has consistently been found to have over-litigated and that his billing records are riddled with vague entries, inefficient use of time and block billing.

Hon. Leonie M. Brinkema of the Eastern District of Virginia, Alexandria Division, reduced Ryu's fees and costs by 46% from $92,477.90 to $50,097.39 in an FLSA action. *See* Memorandum Order, *Janice Cho v. Joong Ang Daily News Washington*, 18-cv-1062, March 4, 2020 *1, **JA 1163**. Hon. Brinkema found Ryu's hours were excessive and inefficient. *Id*. *10-12. **JA 1172-1174**. Hon. Brinkema found that there were "multiple instances of block billing." *Id*. *13. "Ryu's time records are replete with vague and sometimes unintelligible entries..." *Id*. In the end, Hon. Brinkema found that there was "excessive litigation and inadequacy of Ryu's time records." *Id*. *14. Ryu has not changed. He over-litigated in the instant actions while he failed to adequately document his time records.

Hon. Rossie D. Alston, Jr. of the Eastern District of Virginia, Alexandria Division, also found Ryu's petition for fees to be troublesome. "Plaintiff has not provided anywhere close to the requisite detail to allow this Court to evaluate what attorney's fees are reasonable here." *Nasra Osman v. Youngs Healthcare, Inc.*, 1:21-cv-639-RDA/WEF, July 12, 2023, *3, **JA 1159**.

Hon. Brian F. Kenney of the Bankruptcy Court for the Eastern District of Virginia found

Ryu's motion for $147,774.49 in attorney's fees to be unreasonable (in the nondischargeability

action). *Chong Min Hyon v. Kwang Yeall Choi, et. al.,* Bankr. No. 19-13505, AP No. 21-01023

(Bankr.E.D. Va, June 17, 2022). The court awarded, instead, $4,761 which was a reduction of

96.8% in fees. *Id.* at *9, **JA 1195**.  Hon. Kenney found that: "The fee requested [by Mr. Ryu]

decidedly are not consistent with those generally charged for similar services. In the

undersigned's eleven years on the bench, the Court has never seen a fee request that is more than

forty times (or 4,000%) the underlying Judgment amount." *Id.* at *5, **JA  1191**.

Ryu does not have a good reputation.  He is known to over-litigate and overbill.  The district

court in the instant actions also found that Ryu over-litigated and that his billings are riddled with

vague and inadequate entries.  "[A]n entitlement to attorney's fees cannot be a carte blanche

license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of

sanctions." *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162, 1168-69 (S.D.Fla.

2003).  Ryu's reputation precedes him in this district.  Ryu should not be allowed to bill for

outrageous amounts without any threat of sanctions.  "[A] reasonable attorney's fee is one that is

adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Blum v.*

*Stenson,* 465 U.S. 886 at 897, 104 S.Ct. 1541 (1981) (in the context of Sec. 1988, civil rights

cases).

Ryu is persistent in his refusal to provide better descriptions for his activities.  It is a

challenge to read through his vague and inadequate descriptions.  It's high time for the courts to

take notice of what Ryu is doing with his fee applications.  He is overbilling with an expectation

there will be reductions across the board.  This is an abuse.

## VI.      CONCLUSION

Ryu overbilled.  A taxi driver taking his passengers for a ride.  Ryu knows all the alleys in the city.  Ryu knows the destination and the most efficient way to get there.  Ryu takes all the back roads, however, because it suits him.  He's been told by other judges that he needs to provide a better description of his activities.  However, Ryu chose to continue his old ways and bill for the ride through vague streets and meandering roads.  The abuse needs to stop.  The district court should not have to pore through 262 pages of billing statements (257 pages in *Son v. Agape*, **JA 809, 1243**; and, 5 pages in *Lee v. Agape*, **JA 1344**) to determine whether each activity should be paid or not.  While Agape believes the district court erred because the court arbitrarily set the hourly rates and the hours, Agape appreciates that there were a lot of pages with lots and lots of inadequate descriptions.  Ryu holds himself out as an experienced attorney who's been practicing law since 2004, **JA 1340**.  If so, it is not that he does not know how to provide better descriptions, he chooses not to provide them.  If the passenger will pay, why should he tell the names of the back roads he's taken.   A mere description "drive" will do.

The district court erred by allowing Ryu to continue his old ways of providing vague and inadequate descriptions in his billing statements.  No fee-paying client would accept such a bill.  The district court should not hold Ryu to any lesser standard just because he is billing his adversary.  It should be a fair ride for all.

**WHEREFORE,** the appellants Agape Health Management, Inc., Soon Ok Lee, and Dong Chul Choi pray that the district court's orders are vacated or reversed and for other relief deemed proper and just.

Respectfully Submitted

Agape Health Management, Inc.
Soon Ok Choi, and
Dong Chul Choi

*By Counsel*

/s/ James Y. Victory, Esq.
James Y. Victory, VSB#66042
Hanmi Center for Justice, PLLC
4216 Evergreen Lane #131
Annandale VA  22003
Tel: 703-333-2005 Fax: 866-399-0698
Email: hanmicenter@gmail.com
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

1.  This brief contains approximately 7,000 words.

2.  This brief uses monospaced type and contains approximately 700 lines.

3.  This brief complies with the typeface and type style requirements because it has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 12 points.

/s/ James Y. Victory, Esq.
James Y. Victory, VSB#66042
Hanmi Center for Justice, PLLC
4216 Evergreen Lane #131
Annandale VA  22003
Tel: 703-333-2005 Fax: 866-399-0698
Email: hanmicenter@gmail.com
*Counsel for Appellants*

**DISCLOSURE STATEMENTS**
**(LOC. R. 26.1)**